Bobby Saadian, Esq. SBN: 250377
Colin M. Jones, Esq. SBN: 265628
WILSHIRE LAW FIRM
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Tel: (213) 381-9988
Fax: (213) 381-9989

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFAN BOGDANOVICH; DAKOTA SPEAS; Plaintiffs, on behalf of themselves individually and all others similarly situated, vs. APPLE, INC., a corporation; DOES 1 through 10, inclusive, Defendant. | CASE NO.: **CLASS ACTION COMPLAINT** 1. BREACH OF IMPLIED CONTRACT 2. TRESPASS TO CHATTEL |

Plaintiffs identified below (collectively, "Plaintiffs"), individually, and on behalf of the Classes defined below of similarly situated persons, file this Class Action Complaint. Plaintiffs file suit against Apple, Inc. ("Defendants").

## I.   NATURE OF THE ACTION

1. Plaintiffs and Class Members have owned iPhone 7, and iPhone 7s, or have owned older iPhone models for the past years.

2. Plaintiffs and Class Members have notice that their older iPhone models slows down when new models come out.

3. On December 20, 2017, Defendant admitted to purposefully slowing down older iPhone models.

4. Plaintiffs and Class Members never consented to allow Defendants to slow their iPhones.

5. As a result of Defendant's wrongful actions, Plaintiffs and Class Members had their phone slowed down, and thereby it interfered with Plaintiffs' and Class Members' use or possession of their iPhones, Plaintiffs and Class Members have otherwise suffered damages.

## II. THE PARTIES

6. Plaintiff Stefan Bogdanovich is a California citizen residing in Los Angeles, California.

7. Plaintiff Dakota Speas is a California citizen residing in Los Angeles, California.

8. Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated, namely all other individuals who have owned iPhone models prior to iPhone 8.

9. Upon information and belief, Defendant Apple is a corporation organized and existing under the laws of the State of California with its principal place of business at 1 Infinite Loop, Cupertino, California.

10. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiffs will amend this Complaint to allege their true names and capacities when the same are ascertained.  Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants are responsible in some manner for the occurrences and acts alleged herein, and that Plaintiffs damages alleged herein were proximately caused by these Defendants.  When used herein, the term "Defendants" is inclusive of DOES 1 through 10.

11. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and severally.

### III. JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over the state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), since some of the Class Members are citizens of a State different from the Defendant and, upon the original filing of this complaint, members of the putative Plaintiffs class resided in states around the country; there are more than 100 putative class members; and the amount in controversy exceeds $5 million.

13. The Court also has personal jurisdiction over the Parties because Defendant conducts a major part of their national operations with regular and continuous business activity in California, with an advertising budget both not exceeded in other jurisdictions throughout the United States.

14. Venue is appropriate because, among other things: (a) Plaintiffs are resident and citizen of this District; (b) the Defendants had directed their activities at residents in this District; (b) the acts and omissions that give rise to this Action took place, among others, in this judicial district.

15. Venue is further appropriate pursuant to 28 U.S.C. § 1391 because Defendant conducts a large amount of their business in this District, and Defendant has substantial relationships in this District. Venue is also proper in this Court because a substantial part of the events and omissions giving rise to the harm of the Class Members occurred in this District.

### IV. SUBSTANTIVE ALLEGATIONS

16. Plaintiffs and Class Members have used Apple iPhones for a number of years.

17. Defendant alleges that its battery may retain up to 80 percent of their

original capacity at 500 complete charge cycles.

18. Defendant alleges that it slows down iPhone processors when the battery is wearing out.

19. Defendant never requested consent or did Plaintiffs at any time give consent for Defendant to slow down their iPhones.

20. Plaintiffs and Class Members were never given the option to bargain or choose whether they preferred to have their iPhones slower than normal.

21. Plaintiffs and Class Members suffered interferences to their iPhone usage due to the intentional slowdowns caused by Defendant.

22. Defendant's wrongful actions directly and proximately caused the interference and loss of value to Plaintiffs and Class Members' iPhones causing them to suffer, and continue to suffer, economic damages and other harm for which they are entitled to compensation, including:

    a. Replacement of old phone;

    b. Loss of use;

    c. Loss of value;

    d. Purchase of new batteries;

    e. Ascertainable losses in the form of deprivation of the value of their iPhone;

    f. Overpayments to Defendant for iPhones in that a portion of the price paid for such iPhone by Plaintiffs and Class Members to Defendant was for Defendant to purposefully not interfere with the usage of their iPhones, which Defendant and its affiliates purposefully interfered in order to slow down its performance and, as a result, Plaintiffs and Class Members did not receive what they paid for and were overcharged by Defendant.

## V. CLASS ACTION ALLEGATIONS

23. Plaintiffs brings this action on their own behalf and pursuant to the Federal Rules of Civil Procedure Rule 23(a), (b)(2), (b)(3), and (c)(4), Plaintiffs seeks certification of a Nationwide class and a California class. The nationwide class is initially defined as follows:

> All persons residing in the United States who have owned iPhone models older than iPhone 8 (the "Nationwide Class").

The California class is initially defined as follows:

> All persons residing in California who have owned iPhone models older than iPhone 8 (the "California Class").

24. Excluded from each of the above Classes are Defendant, including any entity in which Defendant has a controlling interest, is a parent or subsidiary, or which is controlled by Defendant, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendant. Also excluded are the judges and court personnel in this case and any members of their immediate families. Plaintiffs reserves the right to amend the Class definitions if discovery and further investigation reveal that the Classes should be expanded or otherwise modified.

25. *Numerosity*. Fed. R. Civ. P. 23(a)(1). The members of the Classes are so numerous that the joinder of all members is impractical. While the exact number of Class Members is unknown to Plaintiffs at this time, Defendant has acknowledged to purposefully slow down older iPhone models. The disposition of the claims of Class Members in a single action will provide substantial benefits to all parties and to the Court. The Class Members are readily identifiable from information and records in Defendant's possession, custody, or control.

26. *Commonality*. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Classes, which predominate over any questions

affecting only individual Class Members. These common questions of law and fact include, without limitation:

  a. Whether Defendant has an implied contractual obligation to not purposefully slow down older iPhone models;

  b. Whether Defendant has complied with any implied contractual obligation to not purposefully slow down older iPhone models;

  c. Whether Defendant interfered or otherwise lowered the use or value of older iPhone models;

  d. Whether Plaintiffs and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

27. *Typicality*. Fed. R. Civ. P. 23(a)(3). Plaintiffs' claims are typical of those of other Class Members because Plaintiffs' iPhones, like that of every other Class Member, was misused by Defendant.

28. *Adequacy of Representation*. Fed. R. Civ. P. 23(a)(4). Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs have retained competent counsel experienced in litigation of class actions, including consumer class actions, and Plaintiffs intend to prosecute this action vigorously. Plaintiffs' claims are typical of the claims of other members of the Class and Plaintiffs has the same non-conflicting interests as the other Members of the Class. The interests of the Class will be fairly and adequately represented by Plaintiffs and their counsel.

29. *Superiority of Class Action*. Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Classes is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims. There will be no difficulty in the management of this action as a class action.

30. Damages for any individual class member are likely insufficient to justify the cost of individual litigation so that, in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go un-remedied.

31. Class certification is also appropriate under Fed. R. Civ. P. 23(a) and (b)(2), because Defendant has acted or has refused to act on grounds generally applicable to the Classes, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Classes as a whole.

## COUNT I

### Breach of Implied Contract

(On Behalf of Plaintiffs and the Nationwide and California Classes)

32. Plaintiffs incorporate the substantive allegations contained in each and every paragraph of this Complaint.

33. Defendant solicited and invited Plaintiffs and the members of the Class to buy new iPhones. Plaintiffs and Class Members accepted Defendant's offers and bought iPhones from Defendant.

34. When Plaintiffs and Class Members bought iPhones from Defendant, they paid for their iPhones. In so doing, Plaintiffs and Class Members entered into implied contracts with Defendant to which Defendant agreed to not purposefully interfere with Plaintiffs and Class Members' usage or speed of the device.

35. Each purchase made with Defendant by Plaintiffs and Class Members was made pursuant to the mutually agreed-upon implied contract with Defendant under which Defendant agreed to not purposefully interfere with Plaintiffs and Class Members' usage or value of their iPhones.

36. Plaintiffs and Class Members would not have bought iPhones from Defendant in the absence of the implied contract between them and Defendant.

37. Plaintiffs and Class Members fully performed their obligations under the implied contracts with Defendant.

38. Defendant breached the implied contracts it made with Plaintiffs and Class Members by purposefully slowing down older iPhone models when new models come out and by failing to properly disclose that at the time of that the parties entered into an agreement.

39. As a direct and proximate result of Defendant's breaches of the implied contracts between Defendant and Plaintiffs and Class Members, Plaintiffs and Class Members sustained actual losses and damages as described in detail above.

## COUNT II

### Trespass to Chattel

(On Behalf of Plaintiffs and the Nationwide and California Classes)

40. Plaintiffs repeats and fully incorporates the allegations contained in each and every paragraph of this Complaint.

41. Plaintiffs owned or possessed the right to possess the above mentioned iPhones.

42. Defendant intentionally interfered with Plaintiff and Class Members' use or possession of their iPhone by purposefully slowing down their phones.

43. Plaintiffs and Class Members never consented to Defendant interfering with their phones in order to slow their phones down.

44. Plaintiffs and Class Members have lost use, value, had to purchase new batteries, and had to purchase new iPhones due to Defendant's conduct.

45. Defendant's conduct was a substantial factor in causing Plaintiffs and Class Members to have to replace iPhones, buy new batteries, or loss of usage of their iPhone.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all Class Members proposed in this Complaint, respectfully requests that the Court enter judgment in her favor and against Defendant as follows:

A. For an Order certifying the Nationwide Class and California Class as defined here, and appointing Plaintiffs and her Counsel to represent the Nationwide Class and the California Class;

B. For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of here pertaining to the misuse of Plaintiffs and Class Members' personal property;

C. For equitable relief compelling Defendant to utilize appropriate methods and policies with respect to older iPhone models in respect to their batteries;

D. For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendant's wrongful conduct;

E. For an award of actual damages and compensatory damages, in an amount to be determined;

F. For an award of costs of suit and attorneys' fees, as allowable by law; and

G. Such other and further relief as this court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Based on the foregoing, Plaintiffs, on behalf of themselves, and all others similarly situated, hereby demand a jury trial for all claims so triable.

Dated: December 21, 2017                    Respectfully Submitted,

/s/   *Colin M. Jones, Esq.*
_____
Colin M. Jones, Esq. SBN: 265628
Attorneys for Plaintiffs